**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:08-cr-00157-ECR-GWF |
| ) | |
| vs. ) | **FINDINGS & RECOMMENDATIONS** |
| ) | |
| JORGE ALBERTO SOTO CASTELO, ) | **Motion to Dismiss (#17)** |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant Soto Castelo's Motion to Dismiss Based on a Prior Unlawful Deportation (#17), filed on July 28, 2008; the Government's Response To Defendant's Motion to Dismiss Based on a Prior Unlawful Deportation (#21), filed on September 2, 2008; Defendant's Reply to Government's Response (#22), filed on September 4, 2008; Defendant's Supplemental Briefing (#26), filed on September 9, 2008; and the Government's Supplemental Brief (#28), filed on September 10, 2008. The Court conducted a hearing in this matter on September 5, 2008.

**FACTUAL BACKGROUND**

Defendant Jorge Alberto Soto Castelo is charged in an Indictment (#1) filed on May 28, 2008 with being a deported alien found unlawfully in the United States in violation of 8 U.S.C. § 1326. The Indictment alleges that Defendant was found in the United States on or about May 12, 2008 after having been deported and removed from the United States on May 18, 2007 and March 6, 2008.

A Notice to Appear ("NTA") in removal proceedings under Section 240 of the Immigration and Nationality Act was served on Defendant Soto Castelo on May 14, 2007. *Motion to Dismiss (#17), Exhibit "A."* The NTA charged that Defendant was an alien present in the United States who had not been admitted or paroled. The NTA further alleged that Defendant is a not a citizen or national of the

United States, that he is a native and citizen of Mexico, that he entered into the United States at or near Lukeville, Arizona on or about May 2006, and that he was not then admitted or paroled after inspection by an immigration officer. Based on the foregoing, the NTA alleged that Defendant was subject to removal from the United States under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended. The NTA ordered the Defendant to appear before an Immigration Judge in Las Vegas, Nevada at a date and time to be set. *Id.*

On May 14, 2007, Mr. Soto Castelo signed a Stipulated Request For Removal Order and Waiver of Hearing ("Stipulated Request") that was printed in the English and Spanish languages. *Motion to Dismiss (#17), Exhibit "C."* Pursuant to the provisions of the Stipulated Request, Soto Castelo acknowledged that he had received a copy of the Notice to Appear, that he had been advised of and waived his right to be represented by a lawyer of his choice at his own expense,[1] and that he was giving up the legal rights he would have in a hearing before an Immigration Judge, including the rights to question witnesses, offer and object to evidence and to require the government to prove his removability.

The Stipulated Request further stated:

> 9. I do not wish to apply for any relief from removal for which I may be eligible under the Immigration and Nationality Act or any other provision of law. This may include voluntary departure, adjustment of status, change of status, cancellation of removal, registry, and naturalization.
>
> 10. I understand and agree that this written statement will be made part of the record for the immigration judge to review. I also understand and agree that the government's form I-213 and any court records relating to criminal convictions listed in the NTA may be made part of the record.
>
> 11. I understand and agree that I will accept a written order for my removal as a final disposition of these proceedings. I do not wish to appeal the written order of the immigration judge.

*Id., Exhibit "C."*

The Government thereupon filed its Response to Respondent's Statements Made for the Issuance of a Final Order Of Removal, *Motion to Dismiss (#17), Exhibit "D,"* which stated that it did not oppose Soto Castelo's request for a final order of removal, that the Government waived a personal hearing and

---

[1]Defendant initialed the line on the form waiving his right to be represented by an attorney.

2

1   did not oppose the introduction of Respondent's Stipulated Request as an exhibit in the proceedings.

2   The Government also accepted a written order of Respondent's removal to Mexico as a final disposition

3   and waived its right to appeal.

4       On May 16, 2007, an Immigration Judge entered a removal order which stated in pertinent part:

> Upon the basis of the respondent's admissions, I have determined that the respondent is subject to removal on the charge(s) in the Notice to Appear.
>
> Respondent has made no application for relief from removal.
>
> It is HEREBY ORDERED that the respondent be removed from the United States to Mexico on the charge(s) contained in the Notice to Appear.

10   *Id., Exhibit "E."*

11       Defendant Soto Castelo did not appear for a hearing before the Immigration Judge prior to the

12   entry of the final order of removal on May 16, 2007. A Warrant of Removal/Deportation was issued on

13   May 16, 2007 and Mr. Soto Castelo was deported to Mexico on May 18, 2007. *Id., Exhibit "F."*

14       At the hearing on Defendant's instant Motion to Dismiss, the Government introduced a copy of

15   the Government's I-213 form dated May 14, 2007 regarding Defendant Soto Castelo. *Government's*

16   *Exhibit "1."* The "Criminal History" section in the I-213 form contains the following information:

> On 4/10/07, the subject appeared before the EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY NEVADA and was convicted for POSSESSION FOR SALE CS CLASS SCHD I/II, in violation of NRS 453.337.
>
> For this offense the subject was sentenced to a term of a MINIMUM of NINETEEN (19) MONTHS to a MAXIMUM of FORTY-EIGHT (48) MONTHS in the Nevada Department of Corrections, SUSPENDED, placed on probation for FOUR (4) YEARS. There were no conviction documents available for this arrest.

23   *Id.*

24       The Government does not contend that the I-213 form was actually provided to or reviewed by

25   the Immigration Judge prior to the entry of the removal order. Defendant, however, also does not

26   contend that the I-213 form inaccurately described his 2007 Nevada state conviction and sentence. The

27   Government has attached copies of the January 9, 2007 Nevada District Court Information charging

28   Defendant with the crime of Possession of Controlled Substance with Intent to Sell (Category D Felony -

1  NRS 453.337), Methamphetamine, and the April 26, 2007 Judgement of Conviction (Plea of Guilty)
2  pursuant to that charge.  As set forth in the Judgment, Defendant was sentenced to a maximum of forty-
3  eight (48) months and a minimum of nineteen (19) months in the Nevada Department of Corrections.
4  His sentence was suspended and he was placed on probation for an indeterminate period not to exceed
5  four (4) years.  *See Government's Response (#21), Exhibit*, pp. 00004-7.

6  Defendant Soto Castelo allegedly reentered the United States in June, 2007.  On February 27,
7  2008, the Government served Mr. Soto Castelo with a Notice of Intent/Decision to Reinstate Prior Order
8  which notified him that the Secretary of Homeland Security intended to reinstate the order of removal
9  entered against him on May 16, 2007.  *Motion to Dismiss (#17), Exhibit "G."*  The notice stated that Mr.
10 Soto Castelo may make a written or oral statement to an immigration officer contesting the
11 determination, but stated that he did not have a right to a hearing before an Immigration Judge.  Mr. Soto
12 Castelo executed the box on the notice stating that he did not wish to make a statement contesting the
13 determination.  *Id., Exhibit "G."*  A Warrant of Removal/Deportation was issued on February 28, 2008
14 pursuant to the reinstated final order of removal and Defendant was again deported to Mexico on March
15 6, 2008.  *Id., Exhibit "H."*

16 **DISCUSSION**

17 Defendant Soto Castelo contends that the indictment in this case should be dismissed because he
18 was not informed by an Immigration Judge during the underlying May 2007 removal/deportation
19 proceedings of his eligibility to apply for discretionary relief from deportation in the form of "fast-track"
20 voluntary departure.  If such relief had been granted, Defendant would have been allowed to voluntarily
21 leave the United States and would not thereafter have been subject to prosecution under 8 U.S.C. §1326.
22 He therefore argues that the waiver of rights set forth in the Stipulated Request was not "considered and
23 intelligent" and violated his right to due process of law.  Because the initial removal/deportation order
24 violated his due process rights, Defendant also contends that the reinstatement of that order in February
25 2008 also violated due process.

26 The Government contends that the May 2007 removal/deportation proceeding and the reinstated
27 removal/deportation order in March 2008 comported with due process.  Even if there were procedural or
28 due process errors, however, the Government contends that Defendant was not prejudiced because he

was not eligible for any form of discretionary relief from deportation based on his prior state conviction for an aggravated felony.  The Government therefore argues that Defendant cannot sustain a collateral attack on the validity of the removal orders.

In *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047-48 (9th Cir. 2004), the Ninth Circuit stated:

> "In a criminal prosecution under §1326, the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation." *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998), *cert. denied*, 525 U.S. 849, 119 S.Ct. 123, 142 L.Ed.2d 99 (1998).  A defendant charged with illegal reentry under 8 U.S.C. §1326 has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction. *United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987) ....  To sustain a collateral attack under §1326(d), a defendant must, within constitutional limitations, demonstrate (1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceeding at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair.  8 U.S.C. §1326(d).  An underlying removal order is "fundamentally unfair" if:  (1) [a defendant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *Zarate-Martinez*, 133 F.3d at 1197.

An alien is barred from collaterally attacking his underlying removal order if he validly waived the right to appeal that order during the deportation proceeding. *Ubaldo-Figueroa*, 364 F.3d at 1048, citing *United States v. Muro-Inclan*, 249 F.3d 1180, 1182 (9th Cir. 2001), *cert. denied*, 534 U.S. 879, 122 S.Ct. 180, 151 L.Ed.2d 125 (2001).  The exhaustion requirement of 8 U.S.C. §1326(d), however, does not bar collateral review of the deportation proceeding when the waiver of the right to appeal did not comport with due process.  A waiver of the right to appeal a removal order does not comport with due process when it is not "considered and intelligent." *Id. Ubaldo-Figueroa* held that the defendant was exempted from the exhaustion requirement in 8 U.S.C. §1326(d) because the Immigration Judge did not inform him that he was eligible for discretionary relief from deportation:

> We do not consider an alien's waiver of his right to appeal his deportation order to be "'considered and intelligent' when 'the record contains an inference that the petitioner is eligible for relief from deportation,' but the Immigration Judge fails to 'advise the alien of this possibility and give him the opportunity to develop the issue.'" *Muro-Inclan*, 249 F.3d at 1182 (quoting *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000)). The requirement that the IJ inform an alien of his or her ability to apply for

>relief from removal is "mandatory," and "[f]ailure to so inform the alien [of his or her eligibility for relief from removal] is a denial of due process that invalidates the underlying deportation proceeding." *Id.* at 1183.

*Ubaldo-Figueroa*, 364 F.3d at 1049.

In *United States v. Ortiz-Lopez*, 385 F.3d 1202, 1204 (9th Cir. 2004), the court held that the defendant's due process rights were violated because the Immigration Judge failed to inform him that he was eligible for a fast track voluntary departure in lieu of removal under 8 U.S.C. § 1229c(a). The court again noted that under *Ubaldo-Figueroa* and *Arrieta*, the requirement to inform an alien of his or her eligibility to apply for relief from removal is mandatory.

If the court determines that the defendant's due process rights were violated, then it must also determine whether he or she was prejudiced by the violation. To establish prejudice, the defendant does not have to show that he would actually have been granted relief, but only that he had a "plausible" ground for relief from deportation. *Ubaldo-Figueroa*, 364 F.3d at 1050. In *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1056, the court stated that "[i]n order to demonstrate prejudice, [defendant] would also have to show that he is not barred from receiving relief. If he is barred from receiving relief, his claim is not plausible."

In this case, no hearing was conducted because Defendant Soto Castelo executed the Stipulated Request For Removal Order and Waiver of Hearing. Such a stipulation is authorized by 8 U.S.C. §1229a(d) which states as follows:

>The Attorney General shall provide by regulation for the entry by an Immigration Judge of an order of removal stipulated to by the alien (or the alien's representative) and the Service. A stipulated order shall constitute a conclusive determination of the alien's removability from the United States.

The regulation adopted pursuant to this statute, 8 C.F.R. §1003.25(b), provides, in part, as follows:

>An Immigration Judge may enter an order of deportation, exclusion or removal stipulated to by the alien (or the alien's representative) and the Service. The Immigration Judge may enter such an order without a hearing and in the absence of the parties based on a review of the charging document, the written stipulation, and supporting documents, if any. If the alien is unrepresented, the Immigration Judge must determine that the alien's waiver is voluntary, knowing, and intelligent. The stipulated request and required waivers shall be signed on behalf of the government and by the alien and his or her attorney or representative if any. ...

In an unpublished decision, *United States v. Nugaray-Rubalcaba*, 229 Fed.Appx. 436, 438 (9th Cir. 2007), a panel of the Ninth Circuit dealt with the validity of a stipulation such as that at issue in this case. The court held:

> [Defendant] was improperly denied due process in the underlying deportation proceeding, because his waiver of a hearing through a written stipulation for removal was not considered and intelligent. *See United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004). When he signed the waiver, the INS Special Agent "failed to inform him that he was eligible for a fast-track voluntary departure in lieu of removal under 8 U.S.C. § 1229c(a)." *Ortiz-Lopez*, 385 F.3d at 1204; *see also Ubaldo-Figueroa*, 364 F.3d at 1049-50 (holding that the failure to inform an immigrant of possible eligibility for relief from removal is a denial of due process that invalidates the underlying deportation proceeding); *United States v. Muro-Inclan*, 249 F.3d 1180, 1182 (9th Cir. 2001) (holding that a waiver of appeal is invalid if the immigrant is not advised of possible eligibility for relief from deportation). The exhaustion and deprivation requirements in § 1326 are therefore satisfied. *See Ortiz-Lopez*, 385 F.3d at 1204.[2]

The court also held that defendant was prejudiced because he had a plausible claim for relief through voluntary departure under 8 U.S.C. § 1229c(a). The court held that neither of defendant's Idaho state convictions for drug possession were aggravated felonies which would have disqualified him from such relief. *Nugaray-Rubalcaba*, 229 Fed.Appx. at 438.

In *United States v. Becerril-Lopez*, — F.3d —, 2008 WL 3982507 (9th Cir. 2008), *amending and superceding United States v. Becerril-Lopez,* 528 F.3d 1133 (9th Cir. 2008), the defendant moved for dismissal of the indictment on the grounds that the Immigration Judge failed to inform him at the master calendar hearing of his eligibility for pre-hearing voluntary departure under 8 U.S.C. § 1252(b) (1995). In rejecting defendant's argument, the court stated that the Attorney General was not required to grant this form of relief automatically to aliens who were eligible. The court further held that because pre-hearing voluntary departure would have been granted, if at all, before the master calendar hearing, it could not hold that the IJ violated defendant's rights by failing to mention it at the hearing. The court noted that the unpublished memorandum disposition in *United States v. Nugaray-Rubalcaba, supra*, held

---

[2]Under Ninth Circuit Rule 36-3, unpublished dispositions and orders of the court issued on or after June 1, 2007 may be cited to the courts of this circuit in accordance with Fed. R. App. P. 32.1, but are not precedent except when relevant under the doctrine of law of the case or rules of claim preclusion and issue preclusion.

1  otherwise. *United States v. Becerril-Lopez,* 528 F.3d 1138 n. 3.  In its amended and superceding

2  decision, however, the court added the following statement to footnote 2 of its earlier decision:

> We express no opinion as to the result if Becerril's prior deportation were governed by the Illegal Immigration Reform and Immigration Responsibility Act of 1997, which provided in part that "[t]he Attorney General may permit an alien voluntarily to depart ... in lieu of being subject to proceedings under Section 1229a of this title or prior to the completion of such proceedings, if the alien is not deportable under section 1227(a)(2)(iii) or section 1227(a)(4)(B) of this title." 8 U.S.C. § 1229c(a)(1) (1997); *see also United States v. Ortiz-Lopez*, 385 F.3d 1202, 1204 (9th Cir. 2004).

*Becerril-Lopez*, — F.3d —, 2008 WL 3982507 at *1, *10.

Because this case involves the issue of whether Defendant was eligible for discretionary voluntary departure under 8 U.S.C. § 1229c(a) and (b), the unpublished decision in *Nugaray-Rubalcaba* is relevant authority regarding the validity of the Stipulated Request, although it is not binding precedent.

In *United States v. Gomez-Hernandez*, Not Reported in F.Supp.2d, 2008 WL 2096876 (E.D.Wash.), the district court also addressed the validity of a removal order entered pursuant to a stipulation under 8 U.S.C. §1229a(d) and 8 C.F.R.§1003.25(b).[3]  The NTA in that case alleged that defendant was a native of Mexico present in the United States without permission and that the defendant had been convicted of the crime of second degree robbery in the Washington state court in 2004.  The defendant requested an immediate hearing before an Immigration Judge and waived his right to the ten day waiting period.  The defendant thereafter executed a stipulation pursuant to 8 C.F.R.§1003.25(b). The court noted that the regulation requires that if the alien is unrepresented, the Immigration Judge must determine that the alien's waiver of a hearing is voluntary, knowing and intelligent.  The court, citing *United States v. Lopez-Vasquez*, 1 F.3d 751, 754 (9th Cir. 1993), held that the government had the burden of proving that defendant's waiver of his rights was voluntary, knowing and intelligent.  The court also stated, however, that even if the burden was on defendant, he met his burden by first showing that he never spoke with an Immigration Judge.  Second, although an Immigration Judge may find a waiver to

---

[3] In another decision from the Eastern District of Washington, *United States v. Vaquez-Villegas*, Not Reported in F.Supp.2d, 2006 WL 2546714 (E.D.Wash.), the government did not oppose defendant's motion to dismiss the indictment where the record did not show that defendant was advised that he was eligible to apply for voluntary departure and the defendant was, in fact, eligible to apply for such relief.

be voluntary, knowing and intelligent on the basis of the documentary record, the record in that case did not reflect a voluntary waiver.  Defendant was held in custody for twenty days after he requested an expedited hearing and indicated that he was told that he could be deported immediately if he signed the stipulation.  Under these circumstances, the court held that the defendant's decision to forego a hearing was not voluntary.

*Gomez-Hernandez* also found that the stipulation violated due process because defendant was not informed of his eligibility to apply for voluntary departure and his state robbery conviction was not an aggravated felony.  In addition, the court held that defendant did not validly waive his Fifth Amendment right to counsel under *Tawadrus v. Ashcroft,* 364 F.3d 1099, 1103 (9th Cir.2004) and *Mendoza-Mazariegos v. Mukasey,* 509 F.3d 1074, 1080 (9th Cir.2007) which require that an Immigration Judge "(1) inquire specifically as to whether petitioner wishes to continue without a lawyer; and (2) receive a knowing and voluntary affirmative response." *Gomez-Hernandez*, 2008 WL 2096876 at *5.  The district court stated that an alien cannot make a knowing and voluntary waiver of his right to counsel in the absence of an adequate colloquy with an Immigration Judge.  *Id.*  In finding that defendant was prejudiced, the court stated that if the defendant's request for an expedited hearing had been honored, the Immigration Judge would have been obligated to inform him of his eligibility for fast-track voluntary departure and/or a competent attorney would have drawn the possibility of fast-track voluntary departure to his attention.

Defendant Soto Castelo has not argued that the order of removal is invalid based on an inadequate waiver of his right to counsel.  Even if such an argument was made, this Court is not persuaded that an alien can only waive his right to counsel through a colloquy with the Immigration Judge.  In both *Tawadrus* and *Mendoza-Mazariegos*, the Immigration Judges failed to question the aliens as to whether they wished to waive their rights to counsel.  The record in both cases showed that the aliens desired to be represented by counsel, but were improperly required to proceed without counsel. The Stipulated Request in this case advised Defendant Soto Castelo of his right to be represented by counsel at his own expense and he initialed the line of the form stating that he waived his right to counsel.  If the Stipulated Request and removal proceeding otherwise comports with due process, such a written waiver of the right to counsel may be sufficient even though the alien is not specifically informed

by the Immigration Judge of his right to be represented by counsel.

### 1. Whether the Stipulated Request and May 16, 2007 Removal Order Violated Defendant's Right to Due Process.

Defendant Soto Castelo argues that the May 2007 removal/deportation proceeding violated his due process rights because the Immigration Judge failed to advise him of his eligibility to apply for voluntary departure. 8 U.S.C. § 1229c(a) provides that the Attorney General may permit an alien voluntarily to depart the United States in lieu of being subject to proceedings under 8 U.S.C. §1229a or prior to the completion of such proceedings, if the alien is not deportable under 8 U.S.C. § 1227(a)(2)(A)(iii) (aggravated felony) or § 1227(a)(4)(B) (terrorist activities). Under 8 U.S.C. §1229c(b), the Attorney General may also permit an alien to voluntarily depart the United States if, at the conclusion of a proceeding under 8 U.S.C. § 1229a, the Immigration Judge enters an order granting voluntary departure in lieu of removal and finds: (A) that the alien has been physically present in the United States for at least one year prior to the date the notice to appear was served; (B) the alien is, and has been, a person of good moral character for at least five years immediately preceding the alien's application for voluntary departure; (C) the alien is not deportable under 8 U.S.C. § 1227(a)2)(A)(iii) or §1227(a)(4)(B); and (D) the alien has established by clear and convincing evidence that he has the means to depart the United States and intends to do so.

Due process mandates that an Immigration Judge inform the alien of his right to apply for discretionary relief where the record supports an inference that defendant is eligible. Arguably, this requirement can be satisfied by proof that the immigration official advised the alien of his eligibility to apply for voluntary departure before he signed a stipulation under 8 C.F.R. § 1003.25(b). *See United States v. Nugaray-Rubalcaba*, 229 Fed.Appx. at 438. Nothing in the documentary record, however, shows that Defendant Soto Castelo was informed by the immigration official of his right to apply for voluntary departure. Nor is there any evidence that the Immigration Judge was informed of Defendant's prior aggravated felony conviction before he executed the removal order. Prior to entering the removal order, the Immigration Judge did not inform Defendant that he was potentially eligible to apply for voluntary departure. The removal order also did not contain an express statement that the Immigration Judge determined that Defendant's waiver was voluntary, knowing, and intelligent. *See* 8 C.F.R. §

1003.25(b). It states only that Defendant "has made no application for relief from removal." *Exhibit "E."* Defendant Soto Castelo's waiver of his right to apply for any relief from removal cannot be deemed to have been considered and intelligent. Therefore, the Stipulated Request and the order of removal did not comport with the requirements of 8 C.F.R. § 1003.25(b) or with due process of law. *Ubaldo-Figueroa*, 364 F.3d at 1048 and *United States v. Ortiz-Lopez*, 385 F.3d at1204. *See also United States v. Nugaray-Rubalcaba*, 229 Fed.Appx. at 438.

### 2. Whether Defendant Suffered Prejudice.

Defendant Soto Castelo does not dispute that his April 26, 2007 Nevada conviction under NRS 453.337 constitutes an aggravated felony under federal law. Under 8 U.S.C. § 1101(a)(43) an "aggravated felony" includes "(B) illicit trafficking in a controlled substance (as defined in section 102 of the Controlled Substances Act [21 U.S.C. §802]), including a drug trafficking crime (as defined in section 924(c) of title 18, United States Code)." *See Lopez v. Gonzales*, 549 U.S. 47, 127 S.Ct. 625 (2006). NRS 453.337.1 makes it "unlawful for a person to possess for the purpose of sale ... any controlled substance classified in schedule I or II." A first offense under this statute constitutes a category D felony which provides for a minimum term of imprisonment of not less than one (1) year and a maximum term of not more than four (4) years. NRS 193.130.

Under the "categorical approach," the court looks at the full range of conduct encompassed by the state criminal statute in determining whether a conviction under the statute qualifies as an "aggravated felony" under federal law. *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The court is required to consider only the fact of conviction and the definition of the offense to determine whether it constitutes an aggravated felony. *United States v. Castillo-Rivera*, 244 F.3d 1020, 1022 (9th Cir. 2001). For a state felony drug conviction to be classified as an "aggravated felony" under federal law, it must be a felony under the federal controlled substances law and/or have an element involving trafficking. A state law crime which includes as its elements possession with intent to sell, constitutes a drug trafficking offense. *Lopez v. Gonzales*, 549 U.S. 47, 127 S.Ct. 625, 633; *United States v.* Figueroa-Ocampo, 494 F.3d 1211, 1215-16 (9th Cir. 2007); United *States v. Ballesteros-Ruiz*, 319 F.3d 1101, 1003 (9th Cir. 2003). Defendant's 2007 conviction under NRS 453.337.1 therefore constituted an aggravated felony.

Whether an alien had "plausible" grounds for relief from deportation is generally determined by whether he or she could have obtained discretionary relief under the relevant factors to be considered by the Attorney General or the Immigration Judge. It is not necessary, however, to show that relief would have been granted. *See United States v. Ubaldo-Figueroa*, 364 F.3d at 1050-51; *United States v. Arrieta*, 224 F.3d 1081-83; *United States v. Arce-Hernandez*, 163 F.3d 559, 563-64 (9th Cir. 1998); and *Ortiz-Lopez*, 385 F.3d 1202, 1204-05 (9th Cir. 2004). Defendant Soto Castelo's aggravated felony rendered him ineligible for discretionary voluntary departure under 8 U.S.C. § 1229c(a) or (b). Defendant nevertheless argues that he had a "plausible" ground for relief from deportation because the NTA and other documents provided to the Immigration Judge did not contain information regarding his aggravated felony conviction. Although due process does not require that the NTA include a conviction that is not a ground of removability but is a ground for denying relief from removal, *Salveijo-Fernandez v. Gonzalez*, 455 F.3d 1063, 1066 (9th Cir. 2006) and *United States v. Reveles-Espinoza*, 522 F.3d 1044, 1048 (9th Cir. 2008), Defendant attempts to distinguish these cases on the grounds that the NTAs in those cases contained information about the offenses which disqualified the aliens for relief from deportation. Because such information was not before the IJ in this case, Defendant argues that it was "plausible" that he would have been granted discretionary voluntary departure.[4] Defendant further argues that the Court should not speculate about what would have occurred if Defendant had been informed of his rights and made a request for voluntary departure.

Under *Ubaldo-Figueroa* and other Ninth Circuit cases, however, the defendant must show that it was plausible that discretionary relief would have been granted. As *United States v. Gonzalez-Valerio*, 342 F.3d at 1056, states: "If he is barred from receiving relief, his claim is not plausible." In *Gonzalez-*

---

[4]Defendant also argues in his Supplemental Brief (#13) that if the ICE officials were certain that Defendant's prior conviction was an aggravated felony, and if they wanted to by-pass a hearing under 8 U.S.C. § 1229a, they could have pursued an administrative proceeding under 8 U.S.C. § 1228(a) which permits aliens with aggravated felonies to be removed without a hearing before an Immigration Judge. Defendant argues that if this process had been used, Defendant, at least, would have been notified that he was being deported based on his status as an aggravated felon. As an aggravated felon, however, Defendant would also have been ineligible for relief from deportation under this statute. *United States v. Calderon-Segura*, 512 F.3d 1104, 1107-08 (9th Cir. 2008).

1 *Valerio*, there was no reference to defendant's conviction in the NTA and the Immigration Judge was not
2 informed about his prior conviction during the hearing. *See also United States v. Alonza-Mendoza*, 239
3 Fed.Appx. 330, 331 (9th Cir. 2007). In this case, the Government's I-213 form contained information
4 regarding Defendant Soto Castelo's aggravated felony conviction at the time the Notice to Appear was
5 served on May 14, 2007. The Stipulated Request also provided that "that the government's Form I-213
6 and any court records relating to criminal convictions listed in the NTA may be made part of the record."
7 *Motion to Dismiss (#17), Exhibit "C."* There is little, if any, doubt that Defendant's prior aggravated
8 felony conviction would have been raised at a hearing before the IJ as a bar to any request for voluntary
9 departure. Because Defendant was ineligible for any discretionary relief from removal, he cannot show
10 that he had a plausible basis for such relief. Accordingly, Defendant was not prejudiced by the
11 immigration official's or Immigration Judge's failures to advise him that he was potentially eligible to
12 apply for voluntary departure.

### 3. 2008 Reinstatement of Removal/Deportation Order.

Because the Court concludes that Defendant was not prejudiced by the due process violation regarding the May 2007 removal/deportation proceeding, Defendant's second removal following the Reinstatement of the May 16, 2007 removal order also provides a valid predicate basis for the indictment in this case. *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 498 (9th Cir. 2006).

### CONCLUSION

Based on the foregoing, the Court concludes that the May 2007 removal proceeding violated Defendant Soto Castelo's right to due process of law because the record does not show that Defendant was informed that he was eligible or ineligible to apply for voluntary departure in lieu of removal before he executed the Stipulated Request. Because the record does not show that the Immigration Judge was informed of Defendant's aggravated felony conviction before he entered the removal order, the Immigration Judge was also required to inform Defendant of his potential eligibility for such relief and to determine whether he wished to pursue such relief from deportation before entering the removal order. Defendant was not prejudiced by the violation of his due process rights, however, because, as an aggravated felon, he was not eligible for voluntary departure or other forms of relief from deportation. Defendant therefore did not have a plausible ground for relief from deportation. Because Defendant's

collateral attack on the May 16, 2007 removal order fails, his challenge to the February 27, 2008 reinstatement of that order and his second removal from the United States on February 28, 2008 also fails.  Accordingly,

## RECOMMENDATION

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss Based on a Prior Unlawful Deportation (#17) be **denied.**

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 22nd day of September, 2008.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge